**HONG JIAN CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75710.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**554**

Joel Spence, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Frank M. Travieso, Esq., Karen H. Shelton, Esq., USLA–Office of the U.S. Attorney, Los Angeles, CA, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Hong Jian Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination. Hong Chen's testimony was internally inconsistent regarding how many times she reported to police after her release from custody, and she was unable to explain the inconsistency. *See id.* at 1043 (explaining one material inconsistency can support an adverse credibility determination.) Hong Chen's asylum application and testimony were also inconsistent regarding whether or not she lost consciousness while kneeling for many hours in an interrogation room. *See id.*

In the absence of credible testimony, the record does not establish eligibility for asylum, withholding of removal, or protection under the CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir. 2003).

We do not consider Hong Chen's contention that the IJ improperly excluded documents because she failed to exhaust the issue before the BIA. *See Zara v. Ashcroft,* 383 F.3d 927, 930 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.